## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

JANE WANJIKU PEARSON,

        Plaintiff,

        v.

NATIONWIDE MUTUAL INS. CO. &
NATIONWIDE SALES SOLUTIONS,

        Defendants.

Case No.

## DEFENDANTS' NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441(a), and 1446, Defendants Nationwide Mutual Insurance Company ("Nationwide Mutual") and Nationwide Sales Solutions ("Nationwide Sales")[1] (collectively "Defendants") hereby remove this case from the Delaware County, Ohio Court of Common Pleas to the United States District Court for the Southern District of Ohio, Eastern Division in Columbus, Ohio. As grounds for removal, Defendants state that this civil action raises a federal question. Defendants further state as follows:

1.      Nationwide Mutual and Nationwide Sales are named Defendants in a civil action instituted in the Delaware County, Ohio Court of Common Pleas, captioned *Jane Wanjiku Pearson vs. Nationwide Mutual Ins. Co. & Nationwide Sales Solutions*, Case No. 21 CV H 12 0554 (the "State Court Action"), the Complaint for which was filed on December 13, 2021 (the "Complaint").

---

[1] Plaintiff improperly names Nationwide Sales Solutions as a Defendant in this matter. The sole proper Defendant is Nationwide Mutual Insurance Company, Plaintiff's former employer. Defendants will stipulate to an amended case caption.

2. Defendants were served with a Summons and Complaint on December 16, 2021. This Notice is being filed within 30 days of service and therefore is timely pursuant to 28 U.S.C. § 1446(b).

3. Copies of all pleadings, process and orders served upon Nationwide in the State Court Action are attached hereto as Exhibit A.

4. Removal of the State Court Action is proper pursuant to 28 U.S.C. §§ 1331, 1441(a), and 1446.

5. In her Complaint, Jane Wanjiku Pearson ("Plaintiff") alleges race discrimination, including wrongful termination, unequal terms and conditions of employment, retaliation and "hostility", under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-2 ("Title VII"). *See* Complaint, pages 3-4.

6. Prior to filing the Complaint, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and also attached to the Complaint the EEOC's Notice of Right to Sue and Information Related to Filing Suit. *See id.* at 9-10.

7. A federal district court has original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law when an issue of federal law appears on the face of a well-pleaded complaint. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987).

8. Plaintiff solely alleges violations of Title VII; therefore, removal is proper. *See Moss v. Fairborn City Sch.*, No. 3:08-CV-393, 2009 WL 62540, at *1 (S.D. Ohio Jan. 9, 2009) (holding removal of *pro se* plaintiff's Title VII cause of action was proper based on federal question jurisdiction); *Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 201 (6th Cir. 2004)

(recognizing the "district court properly found that it had original jurisdiction over [plaintiff's] complaint because his Title VII claim clearly arose under federal law").

9. Even if the Complaint also alleged any state law claims under Ohio Revised Code § 4112.02 related to Plaintiff's alleged employment discrimination, which it does not, this Court would still have supplemental jurisdiction over such claims and removal would still be proper. *See Moss*, 2009 WL 62540 at *1.

10. This Court is the proper venue for removal because Delaware County, Ohio – where the State Court Action was filed – is located within the United States District Court for the Southern District of Ohio, Eastern Division. 28 U.S.C. § 1441(a).

11. Fewer than thirty days have elapsed since Defendants received the Summons and Complaint on December 16, 2021. 28 U.S.C. § 1446(b).

12. This Notice of Removal has been signed by counsel for Defendants, in compliance with the requirements of 28 U.S.C. § 1446(a) and Rule 11 of the Federal Rules of Civil Procedure.

13. Pursuant to 28 U.S.C. § 1446(d), Nationwide will promptly serve written notice of this Notice of Removal on Plaintiff and will file a copy of the Notice of Removal with the Delaware County, Ohio Court of Common Pleas.

WHEREFORE, Defendants respectfully remove this action from the Delaware County, Ohio Court of Common Pleas in accordance with the foregoing statutory provisions.

Respectfully submitted,

/s/ Lisa M. Kathumbi
Lisa M. Kathumbi (0081441)
Judson S. Millhon (0099987)
LITTLER MENDELSON, P.C.
41 South High Street, Suite 3250
Columbus, OH  43215
Telephone:          614.463.4232
Facsimile:          614.221.3301
Email:              lkathumbi@littler.com
                    jmillhon@littler.com

*Attorneys for Defendants*

4

## CERTIFICATE OF SERVICE

I hereby certify that on January 4, 2022, I electronically filed the foregoing document with the Clerk of the Court using the ECF system. I also served a copy of the Notice of Removal by ordinary U.S. mail, postage prepaid, on January 4, 2022 upon the following:

Jane W. Pearson
1330 Starbright Crossing Drive
Columbus, Ohio 43240
614.323.5545
Janewpearson8@gmail.com

*Pro Se Plaintiff*

*/s/ Lisa M. Kathumbi*
Lisa M. Kathumbi

4879-3406-0295.1 / 111740-1030